UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ELKINS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>　　　　Defendant. | Civil Action No.  14-1791 (JEB) |

MEMORANDUM OPINION

On May 12, 2015, the Court issued a Memorandum Opinion and a separate Order granting in part and denying in part Defendant Federal Aviation Administration's Motion for Summary Judgment in this Freedom of Information Act suit.  See Elkins v. Fed. Aviation Admin. (Elkins II), 2015 WL 2207076 (D.D.C. May 12, 2015); ECF No. 36 (Order).  Of particular relevance, the Court ordered the FAA to produce to Plaintiff David Elkins the radar plot of the operations of an unspecified government agency's aircraft on a particular date and time in the vicinity of St. Petersburg, Florida.  See Elkins II, 2015 WL 2207076, at *6.  The FAA now moves to reconsider this piece of the Order and submits its materials, which are classified, for *in camera* review.  Agreeing that the withholding of this single document is proper, the Court will grant the Motion to Reconsider.[1]

Elkins's FOIA suit originated after he spotted a plane circling his house in St. Petersburg on May 27, 2014.  He responded by seeking myriad documents in two FOIA requests.  In its Memorandum Opinion, the Court addressed the varied issues raised by both parties and held,

---

[1] Before releasing this Opinion, the Court delivered a copy to the Department of Justice this morning to ensure that DOJ did not believe the Court was disclosing any classified information. The Department has now so confirmed.

1

*inter alia*, that the FAA had to produce the radar plot, which tracks an aircraft's flight path, to Plaintiff. See id. A few days after the issuance of the Opinion, the agency notified the Court that it intended to move for reconsideration on the issue of the radar plot alone. See ECF No. 38. After the Court granted Defendant several extensions to submit such motion, the FAA ultimately filed on August 12, 2015. See ECF No. 50 (Notice). The filing, as the public Notice explains, was submitted *in camera* because it included two classified declarations, upon which it heavily relied. The Court has now completed its *in camera* review of the Motion and accompanying declarations.

In seeking reconsideration, the FAA's central point is that the radar plot is properly withheld under FOIA Exemptions 7(E) and 7(A). As the Court's prior Opinion dealt exclusively with the former, it confines its analysis thereto. To qualify for any of Exemption 7's subsections, withheld material must constitute "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Exemption 7(E), in particular, protects such records to the extent that their production "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

In originally ruling for Elkins on this 7(E) argument, the Court got only as far as the threshold question, holding that "the FAA had not 'met its burden of establishing that [the radar plot was] compiled for law-enforcement purposes.'" Elkins II, 2015 WL 2207076, at *6 (quoting Elkins v. Fed. Aviation Admin. (Elkins I), No. 14-476, 2015 WL 1743744, at *8 (D.D.C. Apr. 16, 2015)) (emphasis in Elkins II). As the Court had ordered a similar radar plot turned over in Elkins I and as the FAA had made no effort to distinguish that decision, the Court

reached the same outcome.

In seeking reconsideration, the FAA assails the Court's holding that the radar plot was not compiled for law-enforcement purposes. It begins by maintaining, "The D.C. Circuit has interpreted this exception [*i.e.*, Exemption 7] 'to require a law enforcement agency invoking the exception to show that the material withheld relates to a concrete prospective law enforcement proceeding.'" Mot. at 3 (quoting Juarez v. Dep't of Justice, 518 F.3d 54, 58 (D.C. Cir. 2008)) (internal quotation marks omitted). In other words, as long as the radar plot relates to a concrete prospective law-enforcement proceeding, it may be withheld as being compiled for law-enforcement purposes. That sounds like quite a broad standard. Unfortunately, the citation is taken entirely out of context and is seriously misleading. In fact, Juarez was discussing Exemption 7(A), not the threshold requirement under Exemption 7, and it was actually narrowing the former's prerequisite that production of the material "'could reasonably be expected to interfere with enforcement proceedings'" to situations involving concrete prospective proceedings. See 518 F.3d at 58 (quoting 5 U.S.C. § 552(b)(7)(A)). Juarez thus is of no assistance.

Although the FAA's next arguments are somewhat convoluted, one critical point does emerge. This Court pointed out in Elkins I:

> Of course, the term "compiled for law enforcement purposes" does not limit Exemption 7 to records that were "originally compiled" or created for that reason. John Doe Agency v. John Doe Corp., 493 U.S. 146, 154 (1989). An agency can also establish that such records were later gathered or used for "law enforcement purposes at some time before the agency invokes the exemption," PEER, 740 F.3d at 203, even if the information was "generated on an earlier occasion and for a different purpose." John Doe, 493 U.S. at 154.

2015 WL 1743744, at *7. Yet, the converse is also true: records that were originally compiled for law-enforcement purposes do not necessarily lose that protection when forwarded to other

agencies.  Although the FAA does not cite the case, the Supreme Court has decided as much in FBI v. Abramson, 456 U.S. 615 (1982).  The Court there first teed up the issue: "The sole question for decision is whether information originally compiled for law enforcement purposes loses its Exemption 7 protection if summarized in a new document not created for law enforcement purposes."  Id. at 623.  It ultimately ruled in favor of withholding such a document: "If a requested document, such as the one sent to the White House in this case, contains or essentially reproduces all or part of a record that was previously compiled for law enforcement reasons, it is reasonably arguable that the law enforcement record does not lose its exemption by its subsequent inclusion in a document created for a nonexempt purpose."  Id. at 624.

In the current case, since the law-enforcement agency operating the aircraft was compiling data on its own flight track, that data did not lose its protection when forwarded to the FAA.  That the forwarding may have been occurring simultaneously – *i.e.*, as the flight was tracked – should not change the result.  Cf. id. at 624-25 ("Although in this case the duplicate law enforcement records were attached to the name check summaries, the result hardly should be different if all or part of the prior record were quoted verbatim in the new document.").

This is particularly so where, as the FAA correctly points out, the Supreme Court has counseled a practical approach to Exemption 7: "This Court consistently has taken a practical approach when it has been confronted with an issue of interpretation of the Act. It has endeavored to apply a workable balance between the interests of the public in greater access to information and the needs of the Government to protect certain kinds of information from disclosure."  John Doe Agency, 493 U.S. at 157.  In sum, "[t]he statutory provision that records or information must be 'compiled for law enforcement purposes' is not to be construed in a nonfunctional way."  Id.; see Abramson, 456 U.S. at 628-29 ("[T]o the extent that Congress

intended information initially gathered in the course of a law enforcement investigation to remain private, the Court of Appeals' decision creates a substantial prospect that this purpose, the very reason for Exemption 7's existence, will no longer be served."). The Court, accordingly, now concurs with the FAA that the radar plot was indeed "compiled for law-enforcement purposes." This is particularly so given that the agency has provided compelling (albeit classified) details about the investigation that release of the radar plot could compromise.

Having so determined, the remainder of the analysis under 7(E) is straightforward. The government "must show that the records contain law-enforcement techniques and procedures that are generally unknown to the public . . . [and that] disclosure could reasonably be expected to risk circumvention of the law." American Immigration Council v. U.S. Dep't of Homeland Security, 950 F. Supp. 2d 221, 245 (D.D.C. 2013) (internal citation and internal quotation marks omitted). This the FAA has done. Its declarations demonstrate that the specific details of the government agency's techniques are not well known and that, if they were, criminal targets could act in such a manner as to impinge on the effectiveness of the surveillance. The FAA has thus sufficiently cleared the hurdle in proving that release of the radar plot should not be compelled under 5 U.S.C. § 552(b)(7)(E).

For the foregoing reasons, the Court will issue a contemporaneous Order granting the FAA's Motion for Reconsideration and permitting the agency to withhold the radar plot.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  September 21, 2015